# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREAT SKOTT FOODS, INC.,**
        Plaintiff,

    v.                                      Case No. 10C1040

**ROVEMA PACKAGING MACHINES L.P.,**
        Defendant.

## DECISION AND ORDER

Plaintiff Great Skott Foods, Inc., a Wisconsin corporation whose principal place of business is Wisconsin, brought this breach of contract action against defendant Rovema Packaging Machines, L.P., a limited partnership whose partners are citizens of Georgia and California, in state court alleging that a machine it purchased from defendant failed to perform as warranted. Defendant removed the suit based on diversity and, pursuant to Fed. R. Civ. P. 12(b)(3), now moves to dismiss on the ground that a forum-selection clause in the parties' contract specifies that actions under the contract be brought in state or federal courts in Georgia. Plaintiff fails to respond to defendant's motion.

A lack of venue challenge based on a forum-selection clause is appropriately brought as a motion to dismiss under Fed. R. Civ. P. 12(b)(3). Cont'l Ins. Co. v. M/V Orsula, 354 F.3d 603, 606-607 (7th Cir. 2003). Although the parties' contract is not attached to the complaint, I may review it without converting the motion to one for summary judgment. See Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 733 (7th Cir. 2005). Two provisions of the contract are relevant to the present motion. First, the choice of law provision states that: "the Buyer agrees that this Agreement shall be governed by and

construed in accordance with the laws of the State of Georgia." (Koellner Dec. ¶ 7, Ex. A at 30.) Second, the forum selection clause states that: "[t]he Buyer agrees and consents that the Court of the State of Georgia having jurisdiction in Gwinnett County or any Federal District Court having jurisdiction in Gwinnett County, Georgia shall have jurisdiction over and shall be the proper venue for the determination of any and all controversies and disputes arising under this Agreement." (Id.)

State law determines the validity of a forum-selection clause. McCloud Constr., Inc. v. Home Depot USA, Inc., 149 F. Supp. 2d 695, 699 (E.D. Wis. 2001). Because the parties agreed that Georgia law governs the contract, I will assess the forum-selection clause under Georgia law. Abbott Labs. v. Takeda Pharm. Co., 476 F.3d 421, 424 (7th Cir. 2007); see also IFC Credit Corp. v. United Business & Indus. Fed. Credit Union, 512 F.3d 989, 991 (7th Cir. 2008). Under Georgia law, forum selection clauses "are prima facie valid and should be enforced unless the opposing party shows that such enforcement would be unreasonable under the circumstances." Iero v. Mohawk Finishing Products, 243 Ga. App. 670, 671 (2000) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)). As indicated, plaintiff makes no such showing. Given the absence of any indication of fraud, unfairness, or unequal bargaining power between the parties, see id., I conclude that the forum selection clause is valid and enforceable.

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I am authorized to transfer the case to the Northern District of Georgia if doing so serves justice. However, where as here the forum selection clause removes all doubt as to where plaintiff should have brought suit and because plaintiff fails to respond to defendant's motion, dismissal is also appropriate. See

Orsula, 354 F.3d at 608 (affirming dismissal where plaintiff was sophisticated and there was "nothing obscure" about the proper forum). Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss for improper venue is **GRANTED**.

Dated at Milwaukee, Wisconsin this 31st day of May 2011.

/s_____
LYNN ADELMAN
District Judge